United States District Court
for the
Southern District of Florida

Jean Oscar, Movant,                         )
                                            )
v.                                          )
                                            )  Civil Action No. 18-21368-Civ-Scola
                                            )
United States of America,                   )
Respondent.                                 )

## **Opinion Order Striking Frivolous and**
## **Vexatious Filings and Entering Pre-Filing Injunction**

This matter is before the Court on an independent review of the record. Petitioner Oscar Jean initiated this case on April 6, 2018, by way of a motion to vacate sentence under 28 U.S.C. § 2255. (the "Petition," ECF No. 1.) After the Petitioner twice amended that filing, on July 9, 2018, Magistrate Judge Patrick White recommended the Court deny the petition. (ECF No. 19.) Petitioner lodged three objections to that report, which the Court overruled. The Court then adopted in full Judge White's report, denied the Petition and closed the case. (ECF No. 25.) In the following days, the Petitioner filed two more objections to Judge White's report, a motion for reconsideration of this Court's order adopting that report, a "motion for collateral relief," and a motion for release on personal recognizance. These filings were promptly denied by four separate orders, (ECF Nos. 29, 31, 33, 36.) The last order entered by this Court warned the Petitioner that "[f]uture filings of this nature may result in the Plaintiff's inclusion on the restricted filer list." (ECF No. 33.)

The vexatious and frivolous filings have continued. Since the Court's last order, the Petitioner filed: (1) a motion for judgment on the pleading, in which he requests "dismissal for lacking of merit on which relief can be granted," despite the Court already dismissing his Petition as meritless (ECF No. 37); (2) a motion requesting the Court to "sua sponte" reopen proceedings and order "classwide relief" in the form of the Petitioner's release on recognizance pending "final disposition," despite the Court already denying his request for release on recognizance and finally disposing of this case through its earlier dismissal order (ECF No. 38); (3) a motion to supplement the record with the record of the underlying criminal case, despite the Magistrate Judge expressly considering that record in issuing his report (ECF No. 39); (4) a second motion to supplement the record with affidavits from other inmates who will attest to the ineffectiveness of the Petitioner's counsel in the underlying criminal case, despite providing no explanation as to why these document were not submitted

with the Petition or the countless other filings by the Petitioner while this case was open (ECF No. 40); (5) a motion to file a third amended habeas petition, despite the Court already dismissing the Petition and Judge White's order prohibiting further amendments (ECF Nos. 11, 41, 42); (6) a sealed ex parte motion for discovery under habeas Rule 6, despite this case being closed and Judge White previously finding that a sufficient evidentiary record existed in denying the Petitioner's request for an evidentiary hearing (ECF Nos. 44, 45, 46); (7) a motion for writ of mandamus requesting, apparently, an order from this Court to direct this Court to grant the Petitioner's motion to file a third amended habeas petition, despite the fact that the Petitioner argues in this motion that the Court does not have jurisdiction over the habeas petition (which he filed) (ECF No. 47); and (8) a motion to dismiss the Petitioner's own case for lack of subject matter jurisdiction, which consists of thirteen pages of transcribed treatise and ultimately requests the Court to disclaim jurisdiction over this case (again, filed by the Petitioner) because to do otherwise "would result in treason," (ECF No. 48).

The inherent authority of a district court includes the power to protect itself against abuses by *pro se* litigants, like the Petitioner here. *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986); *see also Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002) (recognizing the same under the All Writs Act, 28 U.S.C. § 1651). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* (citation omitted). Indeed, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* In the exercise of this responsibility, a district court possesses "considerable discretion" to issue appropriately-tailored injunctive orders curtailing the activities of recalcitrant litigants when necessary. *See id.* at 1075. These include: "enjoin[ing] prisoner litigants from relitigating specific claims or claims arising from the same set of factual circumstances," and "direct[ing] the litigant to seek leave of court before filing pleadings in any new or pending lawsuit." *Id.* at 1072. "The only limitation on [a] district court's discretion to enjoin abusive litigation is that [a] court is not permitted to completely bar all access to the court." *Campbell v. Jones*, No. 98-civ-02088, 2017 WL 8751916, at *4 (S.D. Fla. Nov. 20, 2017) (White, Mag. J) (citing *Riccard*, 307 F.3d at 1295 n.15).

The Petitioner ignored the Court's previous warning that future frivolous filings would result in the Court restricting his ability to file papers in this case. An appropriately-tailored pre-filing injunction is therefore in order.

It is therefore **ordered and adjudged**:

(1)     The Court **strikes** Docket Entries 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48.

(2)     Jean Oscar is **enjoined** and prohibited from filing any future documents in this case (No. 18-21368-Civ-Scola, Southern District of Florida), without first requesting and obtaining leave of Court.

(3)     In any future motions for leave, described in paragraph (2), Jean Oscar:

> a.   shall not exceed two pages,
>
> b.   shall attach the proposed filing,
>
> c.   shall explain why the proposed filing is not frivolous,
>
> d.   shall explain why the proposed filing is not an attack on any previous order entered by this Court or Magistrate Judge White, and
>
> e.   shall certify, by affidavit and under the penalty of perjury, that the proposed filing raises a new issue that has not already been rejected by the Court.

(4)     Failure to comply with any of the requirements in paragraphs (2) or (3) will result in the striking of that filing without further notice.

The Petitioner is forewarned that if he abuses even these restricted filing privileges, the Court will impose greater sanctions, which may include a finding of contempt of court. The **Clerk** is directed to **mail** this order to the Petitioner at the address listed below.

**Done and ordered**, in chambers, in Miami, Florida on December 27, 2018.

Robert N. Scola, Jr.
United States District Judge

*Copies to*:

Jean Oscar, #01796-104
Allenwood USP
P.O. Box 3000
White Deer, Pa. 17887